# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2012

No. 11-60878
Summary Calendar

Lyle W. Cayce
Clerk

DANIEL BURGOS RODRIGUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A036 664 115

Before REAVLEY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Daniel Burgos Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the immigration judge's order of removal. He argues that, pursuant to the derivative citizenship statutes now in effect, he is a United States citizen. He also argues that, if his citizenship is determined by the derivative citizenship statutes in effect at the time of his birth in 1967, those statutes violate his constitutional rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60878

We have jurisdiction to review "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D), so long as "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1).  Rodriguez did not raise in his appeal to the BIA an argument that, under the current law now in effect, he is eligible for derivative citizenship based upon his United States citizen mother.  We lack jurisdiction to review that unexhausted claim.  *See Omari v. Holder*, 562 F.3d 314, 318-19, 321-22 (5th Cir. 2009).

The applicable law for transmitting citizenship to a legitimate child born abroad when one parent is a United States citizen is the statute that was in effect at the time of the child's birth.  *See United States v. Cervantes-Nava*, 281 F.3d 501, 503 n.2 (5th Cir. 2002) (citing *United States v. Gomez-Orozco*, 188 F.3d 422, 426-27 (7th Cir. 1999)).  Rodriguez argues that the derivative citizenship statues in effect at the time of his birth, *see* former 8 U.S.C. §§ 1401(a)(7), 1409(c) (1952), violate his due process right to equal protection under the law because, as a child born to a married United States citizen living abroad, he faces a more onerous hurdle in establishing derivative citizenship than similarly situated children born to unwed citizen mothers.

Assuming, for argument purposes only, that the relevant derivative citizenship statutes violate equal protection guarantees, we cannot grant Rodriguez any relief regarding his status as an alien.  To cure the alleged equal protection problems, we would have to either "sever the more lenient residency requirement for citizen mothers of illegitimate children or [] strike down the [Immigration and Nationality Act] [] in its entirety." *Cervantes-Nava*, 281 F.3d at 504.  "Neither remedy would result in [Rodriguez] being granted citizenship." *Id.*

Finally, we note that, although Rodriguez argues that the derivative citizenship statutes in effect at the time of his birth violate his mother's First Amendment rights, he lacks standing to raise that claim.  *See Nehme v. INS*, 252

F.3d 415, 430 n.18 (5th Cir. 2001).  Rodriguez's petition for review is DENIED.